IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

SEP 13 2017
Clerk, U.S. Courts
District of Montana

| | |
|---|---|
| KEITH DOYLE,<br><br>Petitioner,<br>vs.<br><br>DOUGLAS FENDER; ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>Respondents. | Cause No. CV 17-68-BU-DLC-JCL<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

This case comes before the Court on Keith Doyle's petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. (Doc. 1). Doyle seeks to challenge his 2005 conviction for Accountability to Deliberate Homicide. Specifically, Doyle challenges: (1) the constitutionality of his "indictment by information," (*id.* at 5-19); (2) the sufficiency of the trial evidence used to convict him, (*id.* at 20-26); and, (3) the State's purported failure to disclose *Brady*[1] material in the form of a "deal" allegedly made with a trial witness. *Id.* at 26-29.

i.  **Motion to Proceed In Forma Pauperis**

Doyle has moved this Court to proceed in forma pauperis. (Doc. 3). Because there is no reason to delay this action, Doyle's motion will be granted.

---

[1] *Brady v. Maryland*, 373 U.S. 83 (1963), requires the state to disclose evidence that is both favorable to the accused and material either to guilt or punishment.

1

### ii. Motion for Appointment of Counsel

Doyle has also requested that counsel be appointed to represent him. (Doc. 4). Counsel must be appointed "when the case is so complex that due process violations will occur absent the presence of counsel," *Bonin v. Vasquez*, 999 F.2d 425, 428-29 (9th Cir. 1993) (discussing *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986) (per curiam)), or when an evidentiary hearing is required, Rule 8(c), Rules Governing § 2254 Cases. Counsel may be appointed at any stage of the proceedings if "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). Under § 3006A, the court must consider the likelihood of success on the merits, the complexity of the legal issues involved, and the petitioner's ability to articulate his claims pro se. *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983) (per curiam).

Doyle's case is not so complex that his right to due process will be violated if counsel is not appointed. Nor has Doyle demonstrated a likelihood of success. To the contrary, there is no doubt that the present petition constitutes a successive filing. Doyle's motion for counsel will be denied.

### iii. Successive Habeas Petition

The petition at hand is Doyle's fourth in this Court. Doyle's first petition was denied on the merits. *See Doyle v. O'Fallon*, No. CV 09-58-BU-RFC-CSO (D. Mont. judgment entered Mar. 16, 2010). The Court of Appeals affirmed the denial of relief. *Doyle v. Law*, No. 10-35330 (9th Cir. Dec. 28, 2011). The United

States Supreme Court denied Doyle's petition for writ of certiorari. *Doyle v. Law*, No. 11-9645 (U.S. May 14, 2012).

Doyle filed his second petition in June of 2012. There he sought a certificate of appealability on the four uncertified issues advanced in his first petition and also raised new claims. The petition was dismissed in its entirety as an unauthorized second petition and a certificate of appealability was denied. *Doyle v. State*, No. CV 12-39-BU-DLC (D. Mont. judgment entered Oct. 16, 2012).

Doyle's third petition sought again to challenge the validity of his 2005 conviction. There Doyle argued, in part, as he does in the present petition, that the Montana state charging process of prosecution by Information utilized in his underlying criminal case was constitutionally infirm. Doyle was advised the claim was frivolous and that such prosecution is consistent with the federal guarantee of due process. *See Doyle v. Frink*, No. CV-13-60-DWM-JCL, Mag. Or. & Find. at 3 (Aug. 7, 2013), citing *Hurtado v. California*, 110 U.S. 516, 538 (1884). This petition was also dismissed as an unauthorized successive petition. *Doyle v. Frink*, No. CV-13-60-DWM-JCL (D. Mont. judgment entered Sept. 30, 2013).

As he has been previously advised, until Doyle obtains leave from the Ninth Circuit Court of Appeals to file a successive habeas petition, *see* 28 U.S.C. § 2244(b), this Court has no jurisdiction to hear his claims, *Burton v. Stewart*, 549 U.S. 147, 149 (2007) (per curiam).

3

A certificate of appealability should be denied. Doyle has not made a substantial showing of the denial of a constitutional right, 28 U.S.C. §2253(c)(2). Nor is there doubt of the procedural ruling that this Court lacks jurisdiction. *Slack v. McDaniel*, 529, U.S. 473, 484 (2000). Likewise, transfer to the Court of Appeals is not in the interest of justice, *see* 28 U.S.C. § 1631, because Doyle was advised of the requirements that apply to second or successive habeas applications before he filed the instant petition.

Based on the foregoing, the Court enters the following:

### ORDER

1. Doyle's Motion to Proceed in Forma Pauperis (Doc. 3) is GRANTED. The Clerk of Court shall waive payment of the filing fee.

2. Doyle's Motion to Appoint Counsel (Doc. 4) is DENIED.

### RECOMMENDATION

1. The Petition (Doc. 1) is should be DISMISSED for lack of jurisdiction as an unauthorized successive petition.

2. A certificate of appealability should be DENIED.

3. The Clerk of Court should be directed to enter, by separate document, a judgment of dismissal.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Doyle may object to this Findings and Recommendation within 14 days.[2] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

Mr. Doyle must immediately notify the Court of any change in his mailing address by filing a "Notice of Change of Address." Failure to do so may result in dismissal of his case without notice to him.

DATED this 13th day of September, 2017.

/s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge

---

[2] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)." Therefore, since Doyle is being served by mail, he is entitled to an additional three (3) days after the period would otherwise expire.