FILED

NOV 29 2017

Clerk, U.S District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| KEITH DOYLE,<br><br>Petitioner,<br><br>vs.<br><br>DOUGLAS FENDER; ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>Respondents. | CV 17–68–BU–DLC–JCL<br><br>ORDER |

United States Magistrate Judge Jeremiah C. Lynch entered Findings and Recommendations in this case on September 13, 2017, recommending that Plaintiff Keith Doyle's ("Doyle") petition under 28 U.S.C. § 2254 for writ of habeas corpus be denied for lack of jurisdiction. Doyle timely filed an objection to the findings and recommendations, and so is entitled to de novo review of those findings and recommendations to which he specifically objects. 28 U.S.C. § 636(b)(1)(C). This Court reviews for clear error those findings and recommendations to which no party objects. *See McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Clear error exists if the Court is left with a

"definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000) (citations omitted).

Having reviewed Doyle's objections, the Court finds that Doyle's claims challenging 2005 conviction are second or successive petition. This is Doyle's fourth petition before this Court. Doyle's first petition in 2010 was denied on the merits. *See Doyle v. O'Fallon*, No. CV 09-58-BU-RFC-CSO, Docs. 20, 21 (D. Mont. Mar. 16, 2010). Doyle's second petition was dismissed in its entirety as an unauthorized second petition. *Doyle v. State*, No. CV 12-39-BU-DLC, Doc. 8 (D. Mont. Oct. 16, 2012). Doyle's third petition also challenged the validity of his 2005 conviction, and was dismissed as an unauthorized successive petition. *See Doyle v. Frink*, No. CV-13-60-DWM-JCL, Doc. 4 at 3 (D. Mont. Aug. 7, 2013). Doyle has been advised that without leave from the Ninth Circuit Court of Appeals to file a successive habeas petition, this Court has no jurisdiction to hear his claims.

In Doyle's objection, he argues that because he has presented new evidence and a showing of actual innocence, his second or successive petition is warranted. Doyle asserts that under 28 U.S.C. § 2244(b)(2), he has brought new evidence to warranting a successive petition as the issue in the present petition is "entirely different" because he has "discovered evidence that the process utilized by the

State in initiating Information as the constitutionally sound method of prosecuting [his] case was unconstitutional." (Doc. 9 at 17.) Further, Doyle argues that he presented a showing of actual innocence. (Doc. 9 at 4.)

Under 28 U.S.C. § 2244(b)(2), a new claim in a second or successive petition must be dismissed, unless the claim rests on new law, new evidence, or a petitioner's actual innocence. However, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3). Thus, even if circumstances support Doyle's assertion that his claim qualifies within the narrow exception to the second or successive habeas petition bar, a prisoner wishing to file a successive habeas petition in federal district court must first receive authorization from the Court of Appeals. Therefore, this Court does not have jurisdiction until Doyle appropriately appeals to the Ninth Circuit Court of Appeals.

Finally, the Court agrees with Judge Lynch's determination that there is no doubt this Court lacks jurisdiction and thus a certificate of appealability is not warranted.

IT IS ORDERED that Judge Lynch's Findings and Recommendations (Doc. 5) are ADOPTED IN FULL. Doyle's petition for writ of habeas corpus

(Doc. 1) is DENIED.

IT IS FURTHER ORDERED that the Clerk of Court shall enter by separate document a judgment of DISMISSAL.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

DATED this 29th day of November, 2017.

/s/ Dana L. Christensen
Dana L. Christensen, Chief Judge
United States District Court